## HOLLAND *vs.* FERRIS.

*In the matter of the Estate of* JOHN CLAXTON, *deceased.*

LETTERS of administration on the estate of the deceased, as an intestate, having been issued, and some of the next of kin having applied for a revocation thereof on the ground that the deceased left a will; and it appearing that a will had been executed, but there being no proof that the will was in the possession of the deceased, or unrevoked, at the time of his death,—*Held,* that when administration has been granted, and an existing will, or a will lost or fraudulently destroyed, is alleged but not proved, it is generally improper to revoke the letters.

If a will proved to have been executed, and to have been in the possession of the decedent, cannot be traced to the custody of another, or cannot be found, the presumption of law is, that it has been destroyed *animo revocandi.*

GEORGE SULLIVAN, *for Petitioners.*
MARCUS P. FERRIS, *Administrator, in person, and by* THOS. W. CLERKE.

THE SURROGATE. On an allegation that he was a creditor of the estate, and that the deceased left no last will and testament, letters of administration were granted to Marcus P. Ferris, on the fourth day of January last. John and Ann Holland, in the right of the latter as sister and one of the next of kin of the deceased, apply for the revocation of the letters of administration, on the ground that Mr. Claxton did not die intestate. The evidence shows that in August, 1848, he had a will among his papers, and some of the provisions of the instrument are proved; but there is nothing to indicate that the will was in his possession or unrevoked at the time of his death. Mrs. Jackson, who took possession of his papers, is now beyond the jurisdiction of the court; and there seems at

present no possibility of having any satisfactory proof showing whether or not the decedent left a valid will, or whether, if such an instrument was existing shortly before or at the date of his decease, it has been lost or destroyed. If a will proved to have been executed, and to have been in the possession of the decedent, cannot be traced to the custody of another, or cannot be found, the presumption of law is, that it has been destroyed *animo revocandi*. There is nothing in this case tending to establish, with any reasonable degree of certainty, the existence of a will when Mr. Claxton died ; though the conduct of the party who examined and took possession of his papers, and subsequently left the country, has very naturally given rise to unfavorable surmise and suspicion. The statute provides, that a lost or destroyed will shall not be allowed to be proved, unless it is shown that it existed at the time of the death of the testator, or was fraudulently destroyed in the lifetime of the testator ; and in case of an application to the Supreme Court to prove such a will, authority is given to restrain the administrator *pendente lite*. (2 *R. S.*, 68, §§ 65, 67.)

Where administration has been granted, and an existing will, or a will lost or fraudulently destroyed, is alleged but not proved, it is generally improper to revoke the letters. There is no assurance that proceedings will be instituted to establish the instrument, and no reason why, pending such proceedings if instituted, the estate should be unrepresented. If the parties desire to prosecute their claim, the court whose power shall be invoked for that purpose, and having jurisdiction of the proof of lost wills, can afford every proper protection against acts of the administrator injurious to the persons claiming to be legatees or devisees. The application to revoke the letters of administration must be denied.