## WILLIAMS AND WIFE *vs.* GUNTER.

[DECREE ON FINAL SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *Bill of exceptions necessary.*—The appellate court will not revise any supposed error of the probate court in its decision upon facts, unless it was excepted to, or reserved in some other manner, in the primary court.

2. *Presumption in favor of judgment.*—Where a decree of the probate court,
   which is free from error on its face, does not appear on its face, and is not
   shown by bill of exceptions, to be based on an account which is copied into
   the transcript, the appellate court will not indulge the presumption that it
   was founded on that account, and on that presumption reverse it.

3. *Limitation of appeal.*—On motion to dismiss the appeal in this case, because
   it was not taken within six months after the rendition of the decree, (Code,
   §§ 1888, 2039,) the court said, that the question was one of difficulty and
   importance, and declined to consider it, because its decision could not affect
   the result of the case.

APPEAL from the Court of Probate of Pickens.

A. B. CLITHERALL, for appellants.

S. F. HALE, *contra.*

RICE, C. J.—The appellee seems to have been appointed
guardian of Susan A. Wilson, as long ago as January 1st,
1837. She afterwards married Thomas G. Williams. The
time of the marriage does not appear. On the 6th February,
1854, an entry was made on the record as follows : " Came
James Gunter, guardian of Susan A. Wilson, (now intermar-
ried with Thomas G. Williams,) heir-at-law of William
Wilson, deceased, and filed his account-current and vouchers
for a final settlement of his said guardianship. It is ordered
by the court, (*the parties being of age, and waiving notice in a
newspaper,*) notice of the filing said account, &c., being given
for three weeks, by posting notice thereof on the court-house
door of said county, notifying all persons concerned in
adverse interest to appear at a term of said court, &c., on
the 2d Monday in March next, at which time said account is
set for settlement, and contest the same if they think proper."

On the said second Monday in March, the said guardian,
and " the said Thomas G. Williams, in right of Susan A.
Williams, his said wife," appeared in said probate court,
and that court rendered a decree, in favor of said Thomas
G. Williams and his wife, for her use, for the sum of
$6,966 70-100, " due her on this settlement." But this decree
does not on its face mention or refer to said account ; nor
does it on its face show upon what evidence the court acted

in attaining its conclusions and results; nor does it on its face disclose any error to the prejudice of appellants. It does not appear that any objection was made, or any exception taken, in the probate court, by any of the parties.

The assignments of error, are, 1st, that the court erred in stating the account as stated; 2d, that the court erred in rendering the decree for the sum stated therein; 3d, that the court erred in not making rests in the account on the final settlement, and so stating the same as to cause the interest to be applied to the payment of the disbursements.

There is an agreement between the attorneys, in the record, as to the transcript, which, however, as we understand it, only relieved the appellants from incorporating in it the entries and papers on file in the court below, which seem to be omitted, and does not make the case any better for appellants than it appears to be from the foregoing statement.

It is the settled practice, that where the probate court has jurisdiction, this court will not revise any supposed error in its decision upon facts, which was not excepted to, nor reserved in any other manner, in that court; and that where the decree of that court upon its face is free from error, and does not *on its face*, or *by bill of exceptions*, appear to be based on an account contained in the transcript sent here, this court will not indulge the presumption, that the decree was founded on such account, and upon such presumption reverse the decree. As that court has power to audit, examine, and correct any such account as appears in this case, if this court were to indulge in presumptions, it would be bound to presume, in the absence of any statement to the contrary, that such power had been exercised, and exercised properly. But, without indulging in any presumptions whatever, it is sufficient, in this case, to say that, applying the settled rules to this record, no error is made to appear, as to any matter embraced by the assignments of error.—Gordon v. McLeod, 20 Ala. Rep. 342, and the cases therein cited.

In passing over the question raised by the motion to dismiss the appeal, because it was not taken within six months after the rendition of the decree, (which motion is founded on sections 1888 and 2039 of the Code,) we mean to be understood as preferring to remain uncommitted upon it, until

there is a necessity for its decision. The question is one of difficulty and importance; and the argument of the counsel for the appellants upon it was certainly very able. Before deciding it, we should give it further consideration. Its decision cannot affect the result of this case; for, however it might be decided, the appellants cannot succeed.

The decree of the probate court is affirmed.