## DUNHAM vs. HATCHER.

[FINAL SETTLEMENT OF GUARDIANSHIP AND ADMINISTRATION.]

1. *Appointment of testamentary guardian.*—The appointment by the probate court of an administrator *de bonis non, cum testamento annexo,* confers no authority on the person appointed to act as testamentary guardian of the decedent's infant children; nor has the probate court jurisdiction to settle his accounts as such guardian.

2. *Parties to appeal, and description of decree.*—On final settlement of the accounts of two administrators *de bonis non, cum testamento annexo,* who had also acted as testamentary guardians of the decedent's infant children, but without authority, two separate decrees were rendered; one against the

administrators as such, and the other against them as guardians. The guardian *ad litem* of the infants reserved exceptions to several rulings of the court, in the matters of account relating both to the administration and.to the guardianship, which were embodied in one bill of exceptions. The infants sued out an appeal, by their guardian *ad litem*, and assigned as error the rulings of the court to which exceptions were·reserved. On motion to dismiss the appeal, on account of the improper consolidation of the two decrees, *held*, that the appeal brought up only the decree in the matter of the guardianship, because the decedent's widow, who was a party to the other decree, was not made a party to the appeal; and the motion was .overruled.

**3.** *Bill of exceptions necessary.*—An appeal from a decree of the probate court, in the matter of the final settlement of a guardian's account, (Code, §§ 1891, 2039,) is required to be tried on bill of exceptions; consequently, the appellate court cannot consider any questions not presented by the bill of exceptions, except a want of jurisdiction.

**4.** *Decree reversed, but not remanded.*—In reversing a decree of the probate court, in the matter of the final settlement of a guardian's accounts, on̈account of a want of jurisdiction apparent on the record, the cause will not be remanded, unless it is suggested that the want of jurisdiction can be obviated in the event the cause is remanded.

APPEAL from the Probate Court of Dallas.

THE record in this case shows these facts: Robert S. Hatcher and John A. Lodor were appointed by said court (at what time does not appear) administrators *de bonis non, cum testamento annexo,* of William P. Dunham, deceased; and, by virtue of said appointment, undertook to act as testamentary guardians of Texana Dunham and Willie P. Dunham, infant children of said decedent, but without giving bond as guardians. Said Hatcher and Lodor made several partial settlements with said probate court, both as administrators, and as guardians; and at the January term, 1857, made a final settlement of their administration and guardianship, which seem to have been (at least partially) consolidated. On this settlement, F. M. Blackwell, who had married the decedent's widow, and who had been appointed guardian *ad litem* of said infant children, reserved exceptions to several rulings of the court, in the allowance of credits and commissions to said Hatcher and Lodor, both as administrators, and as guardians; all of which are embraced in one bill of exceptions. Two separate decrees were rendered against said Hatcher and Lodor; one in their character as guardians, which recites

that they have paid into court the amount found due from them as guardians, accepts their resignation, and declares the guardianship fully closed and settled; and the other in their character as administrators, reciting that they have paid over to said F. M. Blackwell, "one third for his wife, Mrs. Sarah Dunham, and two thirds for his wards, Texana and Willie P. Dunham," the amount found due from them as such administrators; accepting their resignation as administrators, and declaring the estate finally settled and closed.

The appeal is sued out by Texana and Willie P. Dunham, by their guardian *ad litem*, who assign as error "the matters set forth in the bill of exceptions."

In the acknowledgment of the sureties for costs, the case is entitled thus: "Texana and Willie P. Dunham, infants, heirs and distributees of William P. Dunham, deceased, by F. M. Blackwell, their guardian *ad litem*, v. John A. Lodor and Robert S. Hatcher, administrators of William P. Dunham, and testamentary guardians of Texana and W. P. Dunham." In the citation to the appellees, the appeal is described as being taken from "a decree rendered at the January term, 1857, of said probate court, in a cause between Texana and Willie P. Dunham, infants, heirs and distributees of W. P. Dunham, by F. M. Blackwell, their guardian *ad litem*, and John A. Lodor and Robert S. Hatcher, administrators *de bonis non* of W. P. Dunham, and testamentary guardians of Texana and Willie P. Dunham." In the final certificate appended to the transcript, the probate judge certifies, "that the foregoing pages," &c., "contain a full and complete transcript of the decrees made by said court, at its January term, 1857, on the final settlement of the administration of John A. Lodor and Robert S. Hatcher, (administrators *de bonis non*, with the will annexed,) on the estate of William P. Dunham, and on the final settlement by said Lodor and Hatcher of their accounts as testamentary guardians, under the will of said W. P. Dunham, deceased, of Texana and Willie P. Dunham; also, of the will of said W. P. Dunham, deceased; of the bill of exceptions granted by said court, on said final settlements, to F. M.

Blackwell, guardian *ad litem* of said Texana and Willie P. Dunham; of the bond given by said Blackwell, for the costs of appeal from the judgment of said court; and of the citation issued to said Lodor and Hatcher." On these facts a motion to dismiss the appeal was predicated, because it sought to consolidate two distinct decrees.

PEGUES & DAWSON, for the appellants.

GEO. W. GAYLE, *contra.*

RICE, C. J.—From the bill of exceptions, as well as from other parts of the record, it appears that Robert L. Hatcher and John A. Lodor regarded themselves as the testamentary guardians of Texana Dunham and Willie P. Dunham, simply because they were the administrators *de bonis non, cum testamento annexo,* of William P. Dunham, deceased; and that for the same reason, and no other, the probate court of Dallas county treated the said Hatcher and Lodor as such guardians. The bill of exceptions clearly shows, that said Hatcher and Lodor never gave bond as such guardians, but acted in that capacity "*merely by their appointment as administrators of said William P. Dunham.*"

*The mere appointment* of two persons as administrators *de bonis non, cum testamento annexo,* of a deceased father, cannot in any case, in this State, authorize them to act as testamentary guardians of his minor children, nor give to the probate court making such appointment jurisdiction, by final decree or otherwise, to treat them as testamentary guardians, or to settle their accounts as such guardians. That court is one of special and limited jurisdiction, as to the settlement of the accounts of persons acting as guardians. In other words, it has no jurisdiction to settle the accounts of guardians appointed by some other probate court, nor of persons whose pretensions or claims to the character or capacity of guardians for certain minor children, rest upon *the sole* ground that they have been appointed administrators *de bonis non, cum testamento annexo,* of the deceased father of those children. As the probate court is, in this respect, a court of special and limited

jurisdiction, consent cannot give it jurisdiction, where the record not only fails to show every thing necessary to confer jurisdiction, but actually shows the non-existence of one or more of the jurisdictional facts. Upon the case as presented by the bill of exceptions now before us, we decide, that Hatcher and Lodor were not the testamentary guardians of Texana and Willie P. Dunham; that the probate court of Dallas county had no jurisdiction to settle their accounts as such guardians; and that the decree of that court, which purports to fully close and finally settle their guardianship and accounts as guardians, is void, and must be reversed.—Taliaferro v. Bassett, 3 Ala. R. 670; Clay's Digest, 221, § 3; *ib.* 269, §§ 10–13; Code, §§ 2015, 2018; Eslava v. Lepetre, 21 Ala. R. 504.

2. We are urged to revise the action of the probate court of Dallas, upon the final settlement of the accounts of said Hatcher and Lodor as administrators *de bonis non* of William P. Dunham. We cannot do that; because the appeal is not taken from the decree which settles their accounts in their capacity or character of administrators merely, but from the decree which purports to settle their accounts in their character of guardians. One appeal could not bring up both decrees for revision. The parties to those decrees are not the same, in this, that Mrs. Sarah Dunham, now the wife of F. M. Blackwell, is interested in the decree as to the mere administration, but not in the decree as to the guardianship.—Shearer v. Boyd, 10 Ala. R. 279; Boyett v. Kerr, 7 *ib.* 9.

It is upon the ground that the appeal is from the decree as to the guardianship only, that we overrule the motion to dismiss it. Under our former decisions, we deem it clear that the appeal is from that decree, and well taken.—Williams v. McConico, 27 Ala. R. 572; Satterwhite v. The State, 28 Ala. R. 65.

3. We have avoided the consideration of the will of William P. Dunham, for two reasons: 1st, because we are compelled to reverse the decree appealed from, for want of jurisdiction of the probate court to render it; 2d, because, if we had not reversed for this want of jurisdiction, the will was not made part of *the bill of exceptions,* and

therefore could not have been considered by us, inasmuch as the Code requires us to try such cases (when the probate court has jurisdiction to render the decree appealed from) on the bill of exceptions.—Code, §§ 1891, 2039; Turner and Wife v. Dawson, at last term.

Whether the will does not create or declare trusts which are not within the jurisdiction of the probate court, we cannot properly decide upon the present record.—See Billingsley v. Harris, 17 Ala. R. 214, and cases there cited; Gerald v. Bunkley, *ib.* 170; Wilson v. Knight, 18 *ib.* 129; Weems v. Bryan, 21 *ib.* 302.

The decree appealed from is reversed, and annulled for want of jurisdiction in the probate court to render it. And unless it is suggested by the appellees or their counsel, that the objection for want of jurisdiction, which we have above sustained, can probably be obviated in the event the cause is remanded, the cause will not be remanded. If that suggestion is made, the cause will be remanded.

The appellees must pay the costs of this court.