## JONES' HEIRS *vs.* JONES' ADMINISTRATOR.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Bill of exceptions, when not required.*—The effect of the act of the 12th December, 1857, (Revised Code, § 2250,) is to secure a revision on appeal, without bill of exceptions, of any action of the probate court excepted to, and not appearing upon the face of the decree, provided the matter excepted to, together with the exception, appear upon the record.

2. *Partial settlements ; no appeal from.*—Partial settlements in the probate court are not revisable on error, being only *prima facie* correct when made in conformity to law, and being subject to re-examination on the final settlement ; and if not made in conformity to the requirements of the statute, they are not invested with the character of even *prima facie* correctness.

3. *Legality of an order of sale, and the sale, not revisable unless the question is made in the court below.*—The apellate court can not inquire into the

legality of the orders of sale, and the sales of personal property of an estate, the record not showing that any question growing out of them, was made in the court below.

4. *Appeal from a decree for sale of a decedent's land, when taken.*—An appeal from a decree of the probate court for the sale of lands of a decedent's estate, must be taken within twenty days from the date of the rendition of the decree.—(Revised Code, § 2246.)

5. *When objections will not lie to an order of sale.*—Objections can not be made at the final settlement of the estate, to the regularity of an order previously made by the court for the sale of land, the sale not being void, and the order not having been reversed or vacated, and the proceeds of the sale bing assets in the hands of the personal representative.

6. *Appellate court will presume in favor of the rulings of the court below.*— When the jurisdiction of the court below is apparent from the record, the appellate court will make all reasonable intendments in favor of the regularity of its decree, and can not notice a point which was not in any shape presented in the court below.

7. *When co-administrator is entitled to discharge.*—An administrator, who, having been ruled by his co-administrator into a settlement, because he had become a non-resident, appears and makes a final settlement of his administration, accounting fully for all assets which had come into his hands, and showing their proper administration,—*held*, that he is entitled to a discharge from the trust and all liability on account thereof, so far as his administration is concerned and no further.

8. *Co-administrators liable for the acts of each other.*—Administrators and executors who enter into a joint bond for the faithful performance of their duties, are liable for the acts and defaults of each other.

APPEAL from the Probate Court of Montgomery.

IN the matter of the estate of Alfred Jones, deceased; James M. Dillehay and John B. Calloway, administrators. On the 30th August, 1866, Calloway appeared in the probate court of Montgomery, and filed his petition for the removal of Dillehay, his co-administrator, on the ground of his having removed from the State. The court made an order, setting a day for the hearing of the petition and issued notice to Dillehay. On the 20th November, 1866, he appeared in said probate court and filed his accounts and vouchers for a final settlement of said estate, as far as administered by him, and a day was appointed for the hearing of this settlement. On the 4th January 1867, said Dillehay appeared in court to make said settlement, and the heirs of Alfred Jones, being minors, appeared by their guardians and contested said settlement, and thereupon, as the order

states, " the court proceeds to hear all objections to said accounts, and consider the evidence upon all matters touching the correctness and legality of said accounts filed, whereupon it is shown, by sufficient proof, that said administrator, on final settlement, is indebted to the estate in the sum of seventeen thousand and eighty-two dollars in Confederate treasury-notes, or treasury-notes of the State of Alabama, and the said estate is justly indebted to him in the sum of five hundred and ninety-two dollars in United States currency ; and said accounts appearing to be full and correct, it is hereby decreed by the court, that said accounts be, and the same are hereby in all things passed and allowed as above stated, and said administrator fully and completely discharged from all liability to said estate, or any heirs thereof." From this decree the heirs of Alfred Jones appealed. The transcript filed by them in this court contains the record of the administration of said Dillehay and Calloway upon said estate. From this transcript it appears that Alfred Jones died in the county of Montgomery, and his will was duly admitted to probate on 16th April, 1860. On the 19th April, 1860, Dillehay and Calloway were appointed administrators, with the will annexed, of his estate, having given a joint administration bond. These administrators, under the orders of the court, sold at different times personal and real property belonging to the estate of their intestate, and these sales were duly reported and confirmed by the court. They also made annual settlements in the probate court of their administration. No objections or exceptions were ever made to the sales of the land or of the personalty by any one, nor were any objections made or exceptions taken in the annual settlements. The appellants assigned many grounds of error, most of which are noticed in the opinion of the court.

RICE, SEMPLE & GOLDTHWAITE, and CUNNINGHAM & GRAVES, for appellant.

JUDGE, J.—1. Under the influence of section 1891 of the Code of 1852, it was several times held by this court that a bill of exceptions was necessary to the *validity of an*

*appeal* from a decree of the probate court, rendered on the final settlement and distribution of a decedent's estate; that section requiring the appeal, in such case, to be tried on bill of exceptions.—*Harris v. Dillard,* 31 Ala. 191; *Turner and Wife v. Key's Adm'r,* ib. 202; *Dunham v. Hatcher,* ib. 483; *Bartee and Wife v. James, Adm'r,* 33 Ala. 34.

These adjudications, it may be presumed, gave rise to the enactment by the legislature of the act of December 12th, 1857, which provides that a bill of exceptions shall not be required in such case, " when the error complained of appears upon the record."—Revised Code, § 2250.

The effect of this statute is, to restore the law as it was, in this particular, prior to the adoption of the Code of 1852, and to make it sufficient to secure a revision on appeal of any action of the court below excepted to, and not appearing upon the face of the decree, although it be not presented by a bill of exceptions proper, *provided the matter excepted to, together with the exception, appear upon the record.* Errors appearing *upon the face of the decree,* are available on appeal, without exception. It was not the object of the statute, nor is such its effect, to dispense with objections and exceptions in the court below, when otherwise necessary for a revision of the action of the court, on appeal.

In the present case, we are not able to perceive any error upon the face of the decree; no exception appears to have been made in the court below, to the allowance or rejection of any item of the account; nor is the evidence upon which the court acted in passing upon any item thereof, shown by the record. We therefore can see nothing in relation to the account to revise.—*Long v. Easley,* 13 Ala. 239; *Williams and Wife v. Gunter,* 28 Ala. 681.

2. We cannot inquire into the alleged errors of the partial settlements. Such settlements are not revisable on error, being only *prima facie* correct, *when made in conformity to law,* and being subject to re-examination on the final settlement.—Revised Code, § 2159; *Thompson and Wife v. Hunt,* 22 Ala. 517; *Smith's Heirs v. Smith's Adm'r,* 13 Ala. 329. If not made in conformity to the requirements of the statute, they are not invested with the character of even *prima facie* correctness.—*McCreless v. Hinkle,*

17 Ala. 459. It not appearing that any question was made on the final settlement, in relation to the correctness of the partial settlement, or either of them, found in the record, and being merged in the final settlement, we can not revise the alleged errors separately assigned upon them.

3. Neither can we enquire into the legality of the orders of sale, and sales of the personal property of the estate— the record not showing that any question growing out of them, was made in the court below. We cannot presume that any action of the court on the final settlement, in regard to them, was erroneous.

4. We are also precluded from enquiring into the regularity of the order of sale of the lands of the estate. Before the passage of the act of December 12th, 1857, (Revised Code, 2246,) an appeal would not lie from an order for the sale of decedent's real estate.—*Devany's Heirs v. Devany's Admr's*, 25 Ala. 722. The act above named gave the right of appeal from such an order ; but fixed a limitation as to the time within which the appeal should be taken, viz : within twenty days from the date of the rendition of the decree. The decree, in the present case, was rendered November 15th, 1860. Lapse of time, therefore, gives it repose. But irrespective of this, as was held in *Price, Guardian, v. Wilkinson's Executors*, 10 Ala. 172, objections can not be made at the final settlement of the estate, to the regularity of an order previously made by the court for the sale of land, the sale not being void and the order not having been reversed or vacated, and the proceeds of the sale being assets in the hands of the personal representative.

5. The position is taken that the account current on the final settlement, shows that the administrator was not charged with the full amount of the interest which had accrued on the purchase-money of the land bought by S. H. Ballard.

We understand it to be well settled in practice, " that where the probate court has jurisdiction, this court will not revise any supposed error in its decision upon facts, which was not excepted to, nor reserved in any other manner in that court ; and that where the decree of that court upon its face is free from error, and does not *on its face, or by bill*

*of exceptions,*" or by *recitals of record*, " appear to be based
on an account contained in the transcript sent here, this
court will not indulge the presumption that the decree was
founded on such account, and upon such presumption, re-
verse the decree."— *Williams and Wife v. Gunter*, 28 Ala.
681 ; *Reese v. Gresham*, 29 Ala. 91. For, when the juris-
diction of the court is apparent from the record, all reason-
able intendments are to be made in favor of the regularity
of its decree.—*Key, Adm'r, v. Vaughn and Wife*, 15 Ala.
497 ; *Wilson v. Wilson*, 18 Ala. 176.

But even if we could indulge the presumption that the
decree was founded upon the account contained in the trans-
cript, still it does not appear that the action of the court in
respect to the interest charged on the item named, was ex-
cepted to, or reserved in any other manner, in the court
below ; and for that reason it can not be here assigned as
error.— *Gordon v. McLeod*, 20 Ala. 242. A point which was
not in any shape presented in the court below, can not be
noticed in the appellate court.—*McGintry v. Mabry*, 23 Ala.
672. And further, the evidence upon which the court acted
in the matter, is not set out, and we can not tell upon what
state of facts the action of the court was based. It may be
that a portion of the interest which had accrued on the
item, had been charged against the administrator on one of
the partial settlements previously made ; and we think one
of these settlements affords very persuasive evidence in
support of this supposition. And in this connection, we
may remark further, that the counsel for appellants are in
error in supposing that the purchase-money of the land
bought by Ballard, was paid to the administrator, *after* the
close of the late war, as an examination of the record will
show.

6. The decree, after ascertaining an indebtedness of the
estate to the administrator, discharges him " from all lia-
bility to the estate, or any heir thereof ;" and as there was
a co-administrator who did not join in the settlement, it is
contended that the discharge of the administrator making
the settlement, is erroneous.

The meaning, and effect, of this part of the decree, is to

be ascertained by reference to the *character* of the settlement.

It appears that John B. Calloway, the co-administrator who did not join in the settlement, made application to the court for the removal of James M. Dillehay, the co-administrator, who made the settlement, on the ground of his having removed from the State. Publication in a newspaper, giving notice of the application, was made. The hearing of the application was continued to the 19th of November, 1866 ; and on the day after, Dillehay filed his account and vouchers " for a final settlement of the estate, *as far as administered by him*"—and this is the settlement which is now before us.

A legitimate presumption from the record is, that Dillehay was ruled into the settlement at the instance of his co-administrator—and very properly too, if he had become a non-resident of the State—and there was no irregularity in Dillehay making, under the circumstances, a final settlement of his administration.

On making the settlement, and accounting fully for all the assets which had come to his hands, and showing their proper administration, he was entitled to a discharge from the trust, and from all liability on account thereof—*so far as his administration was concerned*, but no further ; and such is the effect of that part of the decree we are considering. It is undoubtedly true that executors and administrators, who enter into a joint bond, like the one in the present case, for the faithful performance of their duties, are liable for the acts and defaults of each other.— *Williams and Wife v. Harrison, Guardian,* 19 Ala. 277. And Dillehay, by virtue of the joint bond, executed by him and his co-administrator, remains liable for all the acts and defaults, if any, committed in the administration, by his co-administrator ; from this liability he has not been discharged by the decree, according to its legal effect.

We have carefully examined the record of the proceedings had, during the progress of the administration, and find irregularieties in the action of the court at different times, indicating that they were at least the result of haste

or inattention. But no question having been presented on the final settlement, in such shape as to show reversable error, the decree is affirmed.