# Tapp *v.* Cox.

### *Final Settlement of Guardian's Accounts.*

1. *When bill of exceptions is necessary.*—Under the Revised Code (§§ 2247, 2250), as under the established practice of this court prior to the adoption of the Code of 1852, on appeals from the Probate Court, an error apparent on the face of the proceedings—that is, on the face of the record which the court is bound to keep—is revisable by this court without a bill of exceptions; but matters dependent on the evidence must be presented by bill of exceptions, duly reserved and certified.

APPEAL from the Probate Court of Lauderdale.

In the matter of the final settlement of the accounts and vouchers of William J. Tapp, as guardian of James A. Cox. The ward had attained his majority, and he appeared in person, and by attorney, and filed numerous objections (or exceptions, as they are termed in the record) to several items in the account as stated, and to the vouchers by which they were supported. The court sustained some of these objections, and overruled others, and then rendered a final decree against the guardian, in favor of the ward, for $4,730.34. From this decree the guardian now appeals, and here assigns it as error, together with the sustaining of the several objections to his account.

R. O. PICKETT, for appellant.

O'NEAL & O'NEAL, *contra.*

BRICKELL, C. J.—The record contains no bill of exceptions, and it does not appear that the matters now assigned as error, which grow out of the evidence introduced on the settlement in the Court of Probate, were made by the appellant the subject of an exception or objection in that court. Nor does it appear that all the evidence on which the Court of Probate founded its decree is introduced into the record.

Prior to the Code of 1852, this court uniformly declined a revision of the decree of the Court of Probate upon facts, unless exceptions were reserved, and certified as the statute directs.—1 Brick. Dig. 244, §§ 20-25. Under section 1891 of the Code, it was held, that a bill of exceptions was indispensable to the revision of any matter arising in the proceedings of that court, although it was error apparent on the face of the record.—*Turner v. Key*, 31 Ala. 202 ; *Harris v. Dillard*, 31 Ala. 191 ; *Dunham v. Hatcher*, 31 Ala. 483 ; *Bartee v. James*, 33 Ala. 34. These adjudications, it is supposed, gave rise to the enactment which now forms part of section 2250, and the enactment which forms section 2247 of the Revised Code, dispensing with a bill of exceptions, "when the error complained of appears upon the record ;" or, as otherwise expressed, "when the error complained of appears in the proceedings." The effect of these statutes is to restore the law as it was prior to the Code of 1852. An error apparent on the face of the proceedings, on the face of the record the court is bound to keep, is revisable without a bill of exceptions. Matters dependent on the evidence must be introduced by bill of exceptions, and it must appear that to the rulings of the court in reference to them the exception was properly reserved.—*Jones v. Jones*, 42 Ala. 218.

We are not at liberty, if we were inclined, to change the established practice of the court ; and no question being presented by the assignment of errors, which is revisable according to that practice, the decree of the Court of Probate must be affirmed.