# Jaques *v.* Horton.

### *Contested Probate of Will.*

1. *Probate of will; in what county granted; lost will.*—By statutory provision (Code, § 2304), the Probate Court of a county in which a person dies, leaving assets therein, has jurisdiction to take proof of and admit to probate his last will and testament, although his domicile was in another State, and his will was never probated there; and if the will has been lost or destroyed, without the knowledge or consent of the testator, remaining uncancelled at his death, it may be admitted to probate on competent evidence of its execution and contents.

2. *Decision on facts; when and how revisable on appeal.*—When a contest of fact, properly triable before a jury, is by consent submitted to the decision of the presiding judge, his decision stands as the verdict of a jury, and is not revisable on error or appeal; but, when the law authorizes a disputed question of fact to be tried by the court without a jury, and it is so tried, on testimony delivered *viva voce* in the presence

[Jaques v. Horton.]

of the court, while the decision is revisable by this court, it will not be reversed, unless so manifestly against the evidence that a judge at *nisi prius* would set aside a verdict rendered on the same testimony.

3. *Trial by jury, in Probate Court.*—The Probate Court, unlike the Chancery Court, has no power, *ex mero motu*, to summon a jury to determine disputed questions of fact, but the right to a trial by jury is given, with few exceptions, only on the application of either party; and if neither demands a jury, the court can not order and summon one.

4. *Contested probate of will; how tried, and how decision revised.* Under the statutory provision of force prior to 1853 (Clay's Digest, 304, § 35), when the validity of a will was contested, or doubts arose as to its validity, it was made the imperative duty of the judge to summon a jury to try the issue; but, under the statutes since of force (Code of 1853, § 1634; Rev. Code, § 1953; Code of 1876, § 2317), a trial by jury is not imperative on the court, but is given " on the application of either party."

5. *Same ; same.*—If, in such case, a jury is demanded and summoned, but is afterwards dispensed with by consent, and the issue submitted to the decision of the court, the case stands as if no jury had been demanded : the decision of the court is revisable by this court on appeal, but it will not be reversed, under the rule above stated, unless clearly contrary to the evidence.

6. *Refreshing memory of witness by memorandum or entry.*—A witness may, during his examination, assist or refresh his memory by reference to a memorandum or entry made at or about the time of the occurrence of the facts, whether made by himself or another person, if he knows it to be correct, and can, after referring to it, testify from independent recollection ; and it is immaterial whether the paper referred to be the original memorandum, or a copy thereof known by him to be correct. But the rule is subject to the limitation, that the witness must be able to testify that the original, when made, was a true statement of the facts, and the copy must be verified ; and he can not be allowed to inspect a paper which purports to be a copy, but which is not known or recognized by him, nor verified as a true copy of the original.

7. *Same ; copy of lost will.*—On application for the probate of a lost will, a paper purporting to be a literal copy thereof being made an exhibit to the proponent's petition, the person who made it not being produced, nor his absence accounted for, another witness, who had seen or read the will, can not inspect the alleged copy, for the purpose of refreshing his recollection of the contents of the original.

8. *Specific objection to evidence.*—An objection to the admission of evidence, on grounds particularly specified, is an implied waiver of all other grounds ; and this court, in reviewing the overruling of the objection, will consider only the grounds specified.

9. *Burden of proof as to lost will.*—On application for the probate of a will alleged to have been lost, which is shown to have been in the possession of the testator at one time, but is not found after his death, the presumption is that he destroyed it *animo revocandi*; but this presumption may be rebutted, and the *onus* of rebutting is on the proponent.

10. *Proof of lost will.*—Although a will is required to be attested by two witnesses (Code, § 2294), a lost will may be proved by a single witness, who read it, and who remembers its contents ; but his testimony must be clear and positive, and of such a character as to leave no reasonable doubt as to the substantial parts of it.

11. *Degrees of secondary evidence.*—When secondary evidence is offered which, *ex natura rei*, supposes a higher degree of secondary evidence, the best should be produced ; as, a certified or examined copy of an instrument required to be recorded, or a letter-press copy of a writing, if shown to be in existence ; but, where there is no ground for legal presumption that better secondary evidence exists, any proof is received which is not

[Jaques v. Horton.]

inadmissible by the rules of law, unless the party objecting can show that better was known to the other, and might have been produced.

12. *Proof of lost will by copy, or by oral evidence.*—When the proponent of a lost will produces, and annexes as an exhibit to his petition, a paper which purports to be a literal copy of the will, but fails to prove its correctness as a copy, he may abandon the attempt, and prove the contents of the lost paper by competent parol evidence; but the failure to prove the alleged copy, under such circumstances, would be a circumstance to be considered by the jury in determining the credibility and sufficiency of the other evidence.

13. *When exception is necessary; revision of probate decree on facts.* On a contest of the probate of a will, tried before the court without the intervention of a jury, a bill of exceptions is necessary (Code, §§ 3957–60) to enable this court to revise the decision on the facts.

APPEAL from the Probate Court of Morgan.

Tried before the Hon. E. M. RUSSELL.

In the matter of the probate of a paper which was propounded as a copy of the last will and testament of Dr. Jacob Y. Cantwell, deceased, who died in said county of Morgan, on or about the 11th February, 1883, as the proponent's petition alleged, leaving assets therein. The petition was filed on the 18th July, 1883, by Mrs. R. D. Horton, who was a niece of said decedent, and to whom certain real estate in the town of Decatur was devised by the will; and the probate was contested by Mrs. Margaret Jaques, who was a sister of said decedent.

The paper which was set out with the petition, as a copy of the will, was without date, and purported to be attested by H. G. Thomas and S. P. Rather as subscribing witnesses, and it contained eight items, as follows: 1st, a direction for the payment of debts and funeral expenses; 2d, a legacy of $200 to Mrs. Margaret Jaques, the contestant; 3d, a legacy of $300 to Mrs. Scott, another sister of the testator; 4th, a legacy of $500 to Mrs. Startsman, another sister; 5th, a devise of certain real estate in Decatur to Mrs. R. D. Horton, "free from the debts, control or management of her husband;" 6th, a devise of a storehouse and lot in Decatur to the infant son of Mrs. Horton; 7th, a residuary devise and bequest to Thomas J. Cantwell, a nephew of the testator; and 8th, the nomination of said Thomas J. Cantwell as executor. The probate of the paper as a will was contested on these grounds: 1st, "because said paper is not in fact the last will and testament of said Cantwell;" 2d, "because said supposed will was not duly executed;" 3d, "because said paper is but an abstract of an original will, if one in fact was ever made, and the original was revoked and cancelled by said Cantwell during his life;" 4th, "because said J. Y. Cantwell was, at the time of his death, a resident citizen of Mansfield, Ohio, and said supposed will has never been admitted to probate in Ohio, and this court (to-wit, the Probate Court of Morgan county, Alabama) has not, and can not

[Jaques v. Horton.]

acquire, jurisdiction to probate the same in the first instance;"
5th, "because there are but two attesting witnesses to said
supposed will, whereas the law of Ohio, where the testator was
domiciled at the time of his death, requires three witnesses."
The proponent demurred to the 4th and 5th specifications, but
the record does not show any action by the court on the de-
murrer. The contestant demanded a trial by jury, and a jury
was regularly summoned ; but afterwards, by written consent
of both parties, entered of record, a jury was dispensed with,
and the case was submitted to the decision of the presiding
judge. On the evidence adduced, all of which the bill of ex-
ceptions purports to set out, the court admitted the paper to
probate, except the 4th item, as the last will and testament of
said Cantwell; holding that the proof showed its due execution
by the testator, its subsequent loss, and that it was not revoked
or destroyed by the testator himself.

On the hearing, as the bill of exceptions states, the propo-
nent introduced said H. G. Thomas as a witness, one of the
subscribing witnesses to the paper propounded as a will, who,
after testifying to his acquaintance and intimacy with said
Cantwell, the proponent's relations with him (said C.,) and his
death on the 11th February, 1883, then stated : "I did wit-
ness a will for Dr. Cantwell, in 1880; it was in December,
1880, between the 5th and the 20th day. It was written in
my office by Dr. Cantwell." The proponent then proposed,
"the above being all the evidence then before the court, to
hand to said witness the paper purporting to be a copy of the
last will and testament of said Cantwell, the same not being
written by said witness, and to have him read it, solely for
the purpose of refreshing his recollection of the contents of
the will ; stating to the court, at the same time, that after the
witness had read the paper, for the purpose aforesaid, propo-
nent would ask him this question : ' Now, independent of the
instrument read by you, purporting to be substantially a copy
of the will of Dr. Cantwell, state, if you can, the substance of
the will which, at Dr. Cantwell's request, you witnessed in De-
cember, 1880.' Contestant objected to the witness reading the
paper," and duly excepted to the overruling of his objection ;
and the paper being then read to him, and the said question
propounded to him, the witness proceeded to state his recollec-
tion of the contents of the will which he had attested. Several
other exceptions were reserved by the contestant to the rulings
of the court in admitting evidence ; and these several rulings,
together with the decree admitting the paper to probate, are
now assigned as error.

16

[Jaques v. Horton.]

D. P. LEWIS, C. C. HARRIS, and CABANISS & WARD, for the appellant.

WALKER & WALKER, and R. C. BRICKELL, *contra.*

CLOPTON, J.—By the express terms of the statute, the Court of Probate of Morgan county had jurisdiction to take proof, and to admit to probate the will of the testator, it being shown that he died in that county, leaving assets therein, though his domicile may have been in another State. And if the will has been lost, or destroyed, without the consent or knowledge of the testator, and remains uncancelled at his death, the court may admit it to probate on competent evidence of its execution and contents.—Code, 1876, § 2304; *Apperson v. Cottrell,* 3 Port. 51; *McBeth v. McBeth,* 11 Ala. 596.

In *Nooe v. Garner,* 70 Ala. 443, it was held, as the result of the previous decisions, that when a contest of fact, properly triable before a jury, is, by consent, submitted to the judge presiding for decision, this court will not review the finding of the judge on the facts, any more than it would the finding of a jury. It is not assignable as error. When the law authorizes the disputed question to be tried, and it is tried, by the court without a jury, on testimony *viva voce* in the presence of the court, the rule is, not to reverse the finding unless it is so manifestly against the evidence, that a judge at *nisi prius* would set aside the verdict of a jury, rendered on the same testimony.

Section 702 of Code of 1876 gives judges of probate authority "to cause jurors to be impanneled and sworn, in any matter of fact pending before them, in which the right to a jury trial is given by law." When a jury is impanneled and sworn, under authority of the statute, it becomes, *pro hac vice,* a constituent of the court; and the judgment of the court in such cases is revised in the same manner as the judgment of a court where a jury is a constituent of the court itself. Where the statute authorizes a jury, only on the application of either party, it is the duty and function of the judge to hear the evidence, and determine the issues, without the aid and intervention of a jury, if neither party requires one. With few exceptions, a trial by jury in the Court of Probate is given by law, only on the application of either party. If such application is not made, the effect is to dispense with a jury trial, and the court is without power to summon and impannel a jury. Unlike the Chancery Court, it can not, *ex mero motu,* invoke the aid of a jury to determine disputed questions of fact.

The statute, in force prior to the Code of 1852, made it imperative on the judge, before awarding any judgment or de-

[Jaques v. Horton.]

cree, to summon and impannel a jury to try the issues, when the validity of a will was contested, or doubts arose as to its validity. Clay's Dig. 304, § 35. Under the operation of this statute, the decisions in the case of *Driver v. Hudspeth*, 16 Ala. 348, and in previous cases, were declared. A material change, in this respect, was introduced by section 1634 of the Code of 1852, which constitutes section 2317 of Code 1876; from being imperative, a trial by jury is left to the option of either party. The statute now provides, that when there is a contest of the validity of a will, properly instituted, " an issue must be made up, under the direction of the court, between the person making the application as plaintiff, and the person contesting the validity of the will as defendant; which issue must, on the application of either party, be tried by a jury." Section 2320, which authorizes the judge to direct the sheriff to summon such number of persons as a jury, to sit upon such trial, as may be necessary, or, on the demand of either party, to cause fifteen persons to be sworn and summoned, in the same manner as jurors are drawn and summoned for the Circuit Court, must be construed in its relation to, and *in pari materia* with section 2317. It is not made the imperative duty of the judge to cause a jury to be summoned, in every case of a contested will, only to be discharged, if neither party should require a jury. The duty does not arise, until one of the parties makes application for the trial of the issues by a jury.

On the application of both parties, a jury was drawn and summoned. On the day first appointed for the trial, the parties in writing dispensed with trial by jury, and consented to try the case before the judge. Dispensing with a trial by jury, restored the case to the position in which it would have been, if neither party had made application, in the first instance, for a jury. The judge, in hearing the evidence and determining the issues, performed a duty which is imposed on him by law, constituting him judge of the facts and the law. His finding on the facts is revisable, but will not be reversed, unless so clearly opposed to the evidence, that a new trial would be granted, if the verdict of a jury had been rendered on the same evidence.—*Nooe v. Garner*, 70 Ala. 443; *Blankenship v. Nimmo*, 50 Ala. 506.

In *Acklen v. Hickman*, 63 Ala. 494, we held, that a witness had a right to consult a memorandum in aid of his recollection, when, after examining a memorandum made by himself, or known and recognized by him as stating the facts truly, his memory is thereby so refreshed, that he can testify to the facts as matter of independent recollection ; and if the witness, after examining the memorandum, can not state the facts from in-

[Jaques v. Horton.]

dependent recollection, but can testify that he knew the contents of the memorandum at or about the time it was made, and knew them to be true, both the memorandum and the testimony of the witness are admissible. And in *Calloway v. Varner* (present term), we held, that a witness should be allowed, for the purpose of refreshing his memory, to inspect a copy, made and verified by him, of original entries, which he had made in a book at or about the time of the occurrence of the facts, and which he knew to be true. We said: "The rule is subject to the limitation, that the witness must be able to testify that the original entry, when made, was a true statement of the facts, and the copy must be verified." The purpose of the rule is, to assist, for the ascertainment of truth, a recollection which the witness, by invoking or requiring the aid of a memorandum, admits is indistinct or uncertain. An untrue or inaccurate memorandum, instead of affording aid in recollecting *the facts*, to which the witness must testify as matter of independent recollection, tends to suggest what is not true, and to mislead the memory of the witness. While the tendency has been to relax the rule to some extent, we apprehend that no court has so far relaxed it, as to allow a witness, for the purpose of refreshing his memory, to inspect a paper purporting to be a copy, but which is not known or recognized by the witness, nor verified as a true copy of the original.

A paper, purporting to be a copy of the lost will, was exhibited to the witness, Thomas, for the avowed purpose of refreshing his recollection of its contents. It professes to set out the contents of the will in exact phraseology, as drafted in due form, and executed with due formalities. The effect of inspecting such a paper, on the mind of the average witness, is to obscure, or confuse, or warp the memory. The alleged copy accompanied the application of the proponent to probate the will, and was produced by her on the trial. If it is a true copy, it was prepared by some one, who had the original before him. The proponent has the power to give information in what manner, and from whom it was obtained. When she presented it to the Court of Probate as a copy of the will, and prayed that, "after proper proceedings and proof, it may be probated, and admitted to record as the true will," she avouched its correctness, and asserted her readiness to establish it substantially ; yet no evidence was offered, or proposed to be offered, to show by whom it was made, or from whom or when procured. To allow a witness, under such circumstances, to inspect such paper, for the purpose of refreshing his memory of the contents of the original, would impair the reliability of testimony, endanger the rights of litigants, and obstruct the due administration of the law.

[Jaques v. Horton.]

Had the appellants stated, as one of the grounds of objection to the introduction of the copy of the will, the insufficiency or absence of evidence to establish its correctness as a copy, it may be conceded, that the objection would have been sustained; but, having specified particular grounds of objection, they must, in this court, be confined to them, and be held as having impliedly waived all other grounds.—*King v. Pope*, 28 Ala. 601. The same grounds of objection could have been as well presented, if the truthfulness of the copy had been proved by a single witness, and to *these alone* was the attention of the primary court called.

A will, attested by two witnesses, is effectual, under our statutes, to pass real or personal property; and admission to probate in the State of the domicile is not a condition precedent to the probate of the will, where the testator leaves assets in this State.—Code, 1876, §§ 2294, 2304. Sufficient search appears to have been made for the original will, to let in secondary evidence of its contents, after proof of its execution and existence; and whether the will was destroyed by the testator *animo revocandi*, or by some one else without his consent or knowledge, or lost by accident, is a question not going to the admissibility of a verified copy, but a fact to be determined by the jury, if there be one, and if not, by the judge, on a consideration of all the circumstances proved. Where the will is shown to have been in the possession of the testator, and is not found at his death, the presumption arises that he destroyed it for the purpose of revocation; but the presumption may be rebutted, and the burden of rebutting it is on the proponent. The ascertainment of this fact will cast no light on the *authentication* of the copy, and is not preliminary to its introduction. The question, in such case, is, whether the will, of which the proposed paper is a copy, was revoked, or did the testator, at the time of his death, believe and intend it to be in existence as a valid will. *Sugden v. St. Leonards*, 1 Prob. Dec. 217; 1 Whar. on Ev. § 138; *Holland v. Ferris*, 2 Brad. 334.

It is observed by Swinburne, if a will be made, and lost by casualty, two unexceptionable witnesses, who did see and read it, and remember its contents, are sufficient for proof thereof in form of law. We can conceive no valid reason, why there should be any difference in the *quantum* of proof necessary to establish the contents of a lost will, and the contents of a lost deed, or other written instrument. In either case, the proof must be satisfactory, and probably more caution should be observed in the case of a lost will, as the testator can not be heard in respect to the disposition he has made of his estate, and as a will is required to be attested by two witnesses.

While the doctrine, that there are no degrees in secondary

[Jaques v. Horton.]

evidence, has not prevailed to its fullest extent, in this State, we are not prepared to adopt a stringent extension of the rule, which excludes all secondary, until the absence of the primary evidence is accounted for, to secondary evidence. Where the secondary evidence offered, *ex natura rei*, supposes a higher degree of secondary evidence, the best should be produced. " But, where there is no ground for legal presumption that better secondary evidence exists, any proof is received, which is not inadmissible by other rules of law, unless the objecting party can show that better evidence was previously known to the other, and might have been produced ; thus subjecting him, by positive proof, to the same imputation of fraud, which the law itself presumes when primary evidence is withheld." When a certified or examined copy of a paper required to be recorded, or a letter-press copy of a writing, is shown to be in existence, it is better evidence than the *memoriter* statements of a witness, and its production should be demanded.—1 Green. on Ev. § 84, n.; *Cornett v. Williams*, 20 Wall. 226.

Although the proponent produced a paper purporting to be a copy, and it may be expected that she was prepared to establish it, if she is unable to do so, she may abandon the attempt, and prove the contents by competent parol evidence. The failure to prove the copy, under such circumstances, is a matter to be considered in weighing the evidence, and determining its credibility and sufficiency. The testimony of a single witness, who has read and remembers the contents of the will, may be sufficient. Such evidence, however, should be clear and positive,—not vague or uncertain recollection,—and of such character, " as to leave no reasonable doubt as to the substantial parts of the paper."—*Dickey v. Malechi*, 6 Mo. 177 ; 3 Red. on Wills, 15 ; *Renner v. Bank of Columbus*, 9 Wheat. 581 ; *Shorter v. Sheppard*, 33 Ala. 648.

Neither of the *specified* grounds of objection to the introduction of the copy is well founded. We find nothing in the other objections to evidence necessary to be considered.

We are precluded from revising the finding of the court on the facts, there not appearing to have been any objection made, or exception taken. The statute provides, that " a bill of exceptions may be tendered to the probate judge of the court trying the validity of the will, specially setting forth the matters objected to, and the evidence in relation to the same, with such other matters as will present points raised fully and fairly before the appellate court."—Code, 1876, § 3959. The provision of the statute, that "a bill of exceptions shall not be required, where the error complained of appears on the record," does not apply when the error can be made apparent only by a

bill of exceptions.—*Tapp v. Cox*, 56 Ala. 553; *Jones v. Jones*, 42 Ala. 218.

If there was sufficient competent evidence to sustain the finding of the court, the error in allowing the witness, Thomas, to refresh his memory by inspecting the copy, would not operate a reversal.   But, as his was the only testimony tending to prove the contents of the will, for this error the judgment of the court must be reversed.

Reversed and remanded.