IN THE MATTER OF THE PROBATE OF THE WILL OF WILLIAM. H. NICHOLS, DECEASED.

*Lost will — presumption as to its destruction by the testator.*

Where a will, which was last seen in the possession of the testator, cannot be found after his death, the legal presumption is that he destroyed it for the purpose of revocation.

APPEAL from a decree of the surrogate of Queens county, admitting to probate what purports to be the lost or destroyed will of William H. Nichols.

*James W. Covert*, for Leonora Allen, contestant, appellant.

*J. M. & T. B. Seaman*, for proponent, respondent.

PRATT, J.:

This is an appeal from a decree of the surrogate of Queens county, admitting to probate. what purports to be the lost or destroyed will of William H. Nichols, late of said county, deceased.

On the death of William H. Nichols no original. paper, such as the one admitted to probate, was found, but the proponent John H. Baldwin annexed to his petition what purported to be a copy thereof and which is the paper admitted. This copy appears to have been made not from any original paper, but from what purports to be an incomplete copy of the original, written before any will was made, and was given to proponent by Thomas D. Smith some time after testator's death. The paper admitted as the will of William H. Nichols is dated November 27, 1884. It was drawn by Thomas D. Smith, one of the witnesses to its execution. The paper drawn by Smith was signed by William H. Nichols at the house of Smith, and Mr. Nichols put it in his pocket and took it away with him. The testator had been a justice of the peace, and he kept in the sitting room of his home a desk in which he kept various papers. On the day of his death John H. Baldwin made a search of the papers in this desk and found a large yellow envelope sealed and indorsed with the words "last will and testament of William H. Nichols." This envelope, on being opened, was found to contain a will made by William H. Nichols on November 14, 1877; and also found inclosed in an open white envelope a will of Margaret Nichols and a portion of a draft of a will, but the instrument admitted was not found, nor any copy of it. Some evidence was given tending to show that the only persons who had access to the desk where the will was kept were Leonora Allen, who was a granddaughter and an heir-at-law, and her husband and Emily Allen, and that the interest of said Leonora Allen was adverse to the provisions of the will admitted to probate.

We think, upon the evidence taken before the surrogate, the proponent failed to make out a case entitling himself to a decree admitting the will to probate. The statute provides that "no will of any testator, who shall die after this chapter shall take effect as a law, shall be allowed to be proved as a lost or destroyed will, unless the same shall be proved to have been in existence at the time of the death of the testator, or be shown to have been fraudulently destroyed in the lifetime of the testator." (3 Rev. Stat. [5th ed.], 144.) The case of *Knapp* v. *Knapp* (10 N. Y., 276) is decisive of this case. At the time the will was executed it was delivered to the testator, and it continued, so far as appears from the evidence, in his custody until it was destroyed. Up to the time of the death of the testator he had access to the desk where all his papers were kept, and no person is shown to have had possession of the alleged will, or to have interfered in any manner with his papers. On the other hand there is evidence tending to show an intention favorable to Leonora Allen, inconsistent with the provisions contained in said will. The legal presumption, where a will is last seen in the possession of the testator, in case it cannot be found, is that he destroyed it for the purpose of revocation. (*Idley* v. *Bowen*, 11 Wend., 227; *Betts* v. *Jackson*, 6 id., 173; *Holland* v. *Ferris*, 2 Bradf., 334, and *Knapp* v. *Knapp*, before cited.)

There is not sufficient proof in this case to overthrow that presumption and the decree must be reversed and matter sent back to the surrogate, with costs to appellant to be paid out of the estate.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Decree of surrogate reversed, with costs to appellant out of the estate.