# Skeggs *v.* Horton.

### *Contested Probate of Will.*

1. *Proof of lost will.*—Although a will is required to be attested by two witnesses (Code, § 2294), a lost will may be established by the testimony of a single witness, who read it, or heard it read, and remembers its contents.

2. *Same; charge as to sufficiency of proof.*—A charge which instructs the jury to find against the alleged will, "unless the evidence of its contents is clear and positive, not vague and uncertain recollections, and of such a character as to leave no reasonable doubt as to any of the substantial parts of the paper," exacts too high a degree of proof, and is properly refused.

3. *Charge invading province of jury.*—A charge which assumes as facts, without hypothesis, what certain witnesses had testified to, is an invasion of the province of the jury, and is therefore properly refused.

4. *Partial probate of will; disposition of legacy not proved.*—When the contents of a lost will are not completely proved, as where the witness can not recollect the name of a person to whom a pecuniary legacy was given, nor otherwise identify him, probate may be granted as to the provisions which are proved; but, whether the unproved legacy, in such case, will go to the residuary legatee, or an intestacy will be declared as to it, is not decided.

APPEAL from the Probate Court of Morgan.

Tried before the Hon. E. M. RUSSELL.

In the matter of the probate of the alleged last will and testament of Dr. Jacob Y. Cantwell, deceased, who died in said county of Morgan, on or about the 11th February, 1883. The petition was filed on the 18th July, 1883, by Mrs. R. D. Horton (her husband uniting with her), who was a niece of the decedent, and a devisee under the will ; and Thomas J. Cantwell, who was a nephew of the decedent, and who was named in the will as residuary devisee and executor, was afterwards joined as a proponent. The probate was contested by Mrs. Margaret Jaques, who was a sister of the decedent ; and on her death pending the contest, it was continued in the name of W. E. Skeggs, who was appointed her administrator *ad litem*, her children also being brought in as parties. The will was not produced, but was said to have been lost ; and the proponents sought to establish its execution and contents by the testimony of H. G. Thomas, one of the subscribing witnesses. The contestants denied the execution of the alleged will, and claimed that, if it was in fact ever executed, it was cancelled and destroyed by the decedent *animo revocandi*. On the first trial, the case was

[Skeggs v. Horton.]

submitted to the decision of the presiding judge, without a jury; but his decision was reversed by this court on appeal, and the case was remanded.—*Jaques v. Horton*, 76 Ala. 238-46. On the second trial, as shown by the present record, a trial by jury was demanded; and the assignments of error in this court are all founded on charges given, charges asked and refused, and the judgment of the court establishing the will as found by the jury.

The contestants asked the following (with other) charges in writing, and duly excepted to their refusal: (4.) "Unless the evidence of the contents of the alleged will is clear and positive, not vague or uncertain recollections, and of such a character as to leave no reasonable doubt as to any of the substantial parts of the paper, the jury should find for the contestants." (6.) "The declarations of Dr. J. Y. Cantwell to Dr. Mitchell, to Mr. and Mrs. Startzman in Iowa, and to Mrs. Davis in New York, can be looked to by the jury, to sustain the presumption of revocation of the alleged will; and his declarations to Dr. W. J. Young, Tim Moseley and others, in Alabama, can be looked to by the jury, to rebut the presumption of such revocation, but are not competent evidence of the contents of the alleged will." (7.) "The testimony of two witnesses, as to the contents of a lost will, is necessary to establish it." (12.) "If the jury believe, from the evidence, that there was a bequest in the alleged will of $500 to some one in Iowa whose name is not remembered by the witness, this is not sufficient proof of all the substantial parts of the will, and the jury must find for the contestants."

CABANISS & WARD, and C. C. HARRIS, for the apellants. (1.) On the former appeal in this case, the court cited the authorities for and against the sufficiency of the testimony of one witness to establish a lost will, but did not decide the question.—76 Ala. 238. Two subscribing witnesses are requisite to the due execution of a will; and two witnesses are necessary to establish a nuncupative will, in the absence of statutory provision.—Code, § 2294; *Johnson v. Glasscock*, 2 Ala. 218, 243. On principle, it would seem, as well as on grounds of public policy, two witnesses should be required to establish a lost will. Here, a single witness was allowed to prove the execution, loss, and contents of the will, besides rebutting the presumption of revocation.—*Shorter v. Sheppard*, 33 Ala. 648. (2.) If the testimony of one witness can, under any circumstances, be held sufficient, it must be "clear, positive, and free from doubt"—"most clear and satisfactory"—"the fullest and most stringent proof"—

" such as to leave no reasonable doubt as to the substantial parts of the paper."—*Renner v. Bank of Columbia*, 9 Wheat. 581 ; *Davis v. Sigourney*, 8 Metc. 487 ; *Durfee v. Durfee*, 8 Metc. 490 ; *Newell v. Homer*, 120 Mass. 277 ; *Apperson v. Cottrell*, 3 Porter, 65 ; *Chase v. Lincoln*, 3 Mass. 236 ; *Idley v. Bowen*, 11 Wend. 227 ; 6 Wait's Ac. & D. 385 ; 3 Redf. Wills, 15–17 ; *Dickey v. Malechi*, 6 Mo. 177. The 4th charge asked, on this point, is in the words of this court on the former appeal (76 Ala. 346), and it is sustained by the authorities above cited. (3.) Partial probate can not be had, when the witness fails to prove all the provisions of the will. Here, Thomas testifies positively to a legacy of $500, but can not recollect the name of the legatee. What is to become of this legacy ? Suppose the witness could only recollect the name of the residuary legatee ; would he take the whole estate under the will ?

R. C. BRICKELL, and HUMES & SHEFFEY, *contra*, cited *Sugden v. Lord St. Leonards*, 1 L. R., P. D. 154 ; *Baker v. Dobyns*, 4 Dana, 220 ; *Graham v. O'Fallen*, 3 Mo. 507 ; *Dickey v. Malechi*, 6 Mo. 177 ; *Brown v. Brown*, 8 El. & B. 82 ; *Steele v. Price*, 5 B. Monroe, 59 ; 87 Penn. St. 340.

STONE, C. J.—This is the second appeal in this case, reported as *Jaques v. Horton*, 76 Ala. 238.

The present suit grows out of an attempt to establish and probate an alleged will of one Cantwell, which is charged to have been lost or destroyed. The entire testimony offered to show the contents of the will is oral, and consists of the *viva voce* examination of one of the subscribing witnesses ; the only witness who professes to have read the will, or heard it read. True, there was testimony of other witnesses tending to prove conversations and admissions made by decedent, which, to some extent, corroborated this main witness ; but he alone undertook to describe the will, and its devises and bequests, in detail. It is contended for appellant, that when, as in the case of a will, the law requires two subscribing witnesses as a condition of its validity, its contents, in case of its loss or destruction, can not be proved by a single witness. The authorities, in the absence of statutory requirement, are opposed to this view. See the authorities collected in 1 Redf. on Wills, 348, note 14 ; *Dan v. Brown*, 4 Cow. 483 ; *Steele v. Price*, 5 B. Monroe, 58 ; *Dickey v. Malechi*, 6 Mo. 177 ; *Jaques v. Horton*, 76 Ala. 238.

2. It is contended, in the next place, that the trial judge erred in declaring the measure of proof required to establish a lost will. This question is raised by charge 4 asked

[Skeggs v. Horton.]

by contestants, in the following language : "Unless the evidence of the contents of the alleged will is clear and positive—not vague or uncertain recollections—and of such a character as to leave no reasonable doubt as to any of the substantial parts of the paper, the jury should find for the contestants." It will be observed that this charge requires the same measure of proof as the law exacts in criminal prosecutions, before juries will be authorized to convict. In *Davis v. Sigourney*, 8 Metc. 487, it is said, that "the contents of a (lost) will can not be proved, unless by the clearest and most stringent evidence." In *Morris v. Swaney*, 7 Heisk. 591, it was said, the evidence must be "clear, full, and satisfactory." See *Matter of Johnson's Will*, 40 Conn. 587 ; *Metcalf v. Van Benthuysen*, 3 Comst. 424 ; 1 Greenl. Ev. § 558 ; 1 Whar. Ev. § 139 ; *Shorter v. Sheppard*, 33 Ala. 648. The rule invoked was too strict, and the charge was rightly refused.—*Apperson v. Cottrell*, 3 Por. 51.

3. Charge 6, asked by contestants, was rightly refused. It assumed as facts, without hypothesis, what certain witnesses had testified to. The credibility of the testimony should have been left to the jury.—3 Brick. Dig. 111, §§ 80, 82.

4. There is a remaining question, raised by charge 11, given at the instance of the proponents, and by charges 12 and 14, requested by contestants and refused. Thomas, the only witness who testified to having read the will, undertook to describe its devises and bequests, both as to subject-matter and person. He detailed, with sufficient particularity, two specific devises of real estate, one bequest of personal property, and two pecuniary legacies of two and three hundred dollars, severally, to two named legatees. He then testified, that the will contained another pecuniary legacy of five hundred dollars, to a named person living in Iowa, but he could not remember the name of the person. There was no other proof as to this legacy of five hundred dollars, and none tending to show who was the legatee of this part of testator's bounty. He further testified, that the will appointed Thomas J. Cantwell, decedent's nephew, to be executor thereof, and made him residuary devisee and legatee of the estate. The court instructed the jury, that they might find for the proponents as to the devises and bequests to persons whose names the witnesses had testified to, and establish the will to that extent, "although they may believe there was a bequest in the will of five hundred dollars to some person whose name is not known, as shown by the evidence." The verdict and judgment were in strict accord with this instruction, and the will was established as to said devises and one legacy of personalty, the two pe-

cuniary legacies of two and three hundred dollars, and the residuary bequest to Thomas J. Cantwell. The pecuniary bequest of five hundred dollars was entirely ignored in the verdict and judgment, and as to that the will is not established.

We have had much difficulty in arriving at a satisfactory solution of this question; and if it were one of first presentation, we are not prepared to affirm our satisfactory conviction of the soundness of the reasoning on which the rulings of the courts are rested. This question has been several times before the courts, and, notably, in the matter of the will of the renowned Lord St. Leonards—Sir Edward Sugden—in the Court of Appeal in England. The leading opinion was delivered by Cockburn, C. J., and was fully concurred in, in separate opinions, by Jessel, M. R., and by Lords-Justices James and Mellish, and by Baggallay, J. A. It was a great case; great because the subject was the holograph of Sir Edward Sugden, generally conceded to have been the most learned English jurist of the present century, if not of all centuries; great, by reason of the large estate it disposed of; and greater, because of the illustrious tribunal before which it was heard. The unanimous opinion of that High Court of Justice is epitomized in the following head-note: "When the contents of a lost will are not completely proved, probate will be granted to the extent to which they are proved."—*Sugden v. Lord St. Leonards*, 1 L. R. Prob. Div. 154. To the same effect are *Steele v. Price*, 5 B. Monroe, 58; *Jackson v. Jackson*, 4 Mo. 210; *Dickey v. Malechi*, 6 Mo. 177; *Dickinson v. Stidolph*, 11 J. Scott, N. S. 341; *Foster v. Foster*, 1 Addams, 462.

The testimony was sufficient, as shown by the verdict of the jury, to establish every provision of the will, except the name and identity of a legatee to whom a pecuniary bequest of five hundred dollars was given. Thomas' testimony seems to be as full that there was such bequest, as it is of the other provisions of the will. The only apparent imperfection in the proof of this item is, that the witness could not remember nor identify the name and person of the legatee of this particular bequest. There is a residuary clause in the will; and it would seem that the testator as clearly and fully intended that the residuary legatee should not have this five hundred dollars, as that the other and proven provisions of the will should take effect. Where shall this five hundred dollars go? If it be decreed to the residuary legatee, it would seem he would thereby receive five hundred dollars more of the estate than the testator intended he should have; and this, not because the will

was imperfectly executed in any particular, but because, by the destruction or loss of the will, the proof fails to show its entire contents. Should this five hundred dollars fall into the residuary legacy, or should we declare an intestacy as to it? We raise this question, not for the purpose of deciding it. It is not presented by any ruling of the Probate Court in this cause. Our sole purpose is to state, that should the question come before us, we will not consider ourselves concluded by any thing herein decided.

Affirmed.