(102 So. 895)

### JORDAN et al. v. RINGSTAFF.
### (3 Div. 687.)

(Supreme Court of Alabama. Jan. 22, 1925.)

I. Wills ⬳289—Requisites to establishment of lost will stated.

In proceeding to probate alleged lost will, proponent must establish existence of will in conformity with Code 1923, § 10598, loss or destruction of instrument where no issue of revocation arises, and substance and effect of contents thereof.

2. Wills ⬳386—Judgment on issue of existence of lost will not disturbed unless clearly wrong.

Where, in proceeding to probate alleged lost will, issue of existence of duly executed instrument was submitted to judge of probate on testimony of witnesses, his judgment will not be overturned unless clearly wrong and unjust.

Appeal from Probate Court, Montgomery County; David W. Crosland, Judge.

Petition by Susan Ivy Jordan and others to probate the alleged lost will of William W. Ringstaff, deceased, contested by Annie Pearl Ringstaff. From a decree for contestant, the proponents appeal. Affirmed.

Rushton, Crenshaw & Rushton, of Montgomery, for appellants.

There was no limitation of time in Alabama within which will might be offered for probate prior to August 17, 1924. 28 R. C. L. 360; 40 Cyc. 1255; Code 1907, c. 108; Code 1923, § 10608. A lost will may be probated, where the proponent establishes its substantial parts by clear, full, and satisfactory evidence. Allen v. Scruggs, 190 Ala. 654, 67 So. 301; Skeggs v. Horton, 82 Ala. 352, 2 So. 110; Jaques v. Horton, 76 Ala. 238; Potts v. Coleman, 86 Ala. 94, 5 So. 780; McBeth v. McBeth, 11 Ala. 596. Neither the statute of limitations nor the rule of repose applies to a proceeding to establish a lost will. Everitt v. Everitt, 41 Barb. 385; Alsobrook v. Orr, 130 Tenn. 120, 169 S. W. 1165, Ann. Cas. 1915B, 627.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

The finding here will not be disturbed; it has the force of a jury verdict. Darrow v. Darrow, 201 Ala. 477, 78 So. 383; Price v. Price, 199 Ala. 433, 74 So. 381; Thompson v. Collier, 170 Ala. 469, 54 So. 493; Gray v. Handy, 204 Ala. 559, 86 So. 548; Goldsmith v. Gates, 205 Ala. 632, 88 So. 861; Reed v. Banister, 202 Ala. 328, 80 So. 410; Benton Mer. Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784; Franklin v. Argyro, 211 Ala. 506, 100 So. 811. Antiquated demands will not be considered by the courts. Scott v. Scott, 202 Ala. 244, 80 So. 82; Matthews v. McDade, 72 Ala. 377; Roach v. Cox, 160 Ala. 425, 49 So. 578, 135 Am. St. Rep. 107; Rives v. Morris, 108 Ala. 527, 18 So. 743; McArthur v. Carrie's Admr., 32 Ala. 75, 70 Am. Dec. 529; Salmon v. Wynn, 153 Ala. 546, 45 So. 133, 15 Ann. Cas. 478; Hunt v. Hamilton, 9 Dana (Ky.) 90.

BOULDIN, J. [1] In a proceeding to probate an alleged lost will, the burden is on the proponent to establish, to the reasonable satisfaction of the judge or jury trying the facts:

(1) The existence of a will—an instrument in writing, signed by the testator or some person in his presence, and by his direction, and attested by at least two witnesses, who must suscribe their names thereto in the presence of the testator. Code 1923, § 10598.

(2) The loss or destruction of the instrument—no issue of revocation arising.

(3) The contents of the will in substance and effect. Allen v. Scruggs, 190 Ala. 658, 67 So. 301; Skeggs v. Horton, 82 Ala. 352, 2 So. 110; Potts v. Coleman, 86 Ala. 94, 5 So. 780; Jaques v. Horton, 76 Ala. 238; Shorter v. Sheppard, 33 Ala. 648; Apperson v. Cottrell, 3 Port. 51, 29 Am. Dec. 239; Price v. Price, 199 Ala. 433, 74 So. 381; McBeth v. McBeth, 11 Ala. 596; Brown v. Welch, 209 Ala. 518, 96 So. 610; Washam v. Beaty, 210 Ala. 635, 99 So. 163.

[2] The main issue presented is the existence of a will duly executed vel non. It is purely an issue of fact. This issue was submitted to the judge of probate upon testimony of witnesses examined orally before him. His decision must be accorded all the presumptions of the verdict of a jury. To overturn his judgment we should be clearly convinced that it is wrong and unjust. This rule rests upon the soundest bases of reason and experience.

We have given the record a full and careful consideration with the aid of briefs of counsel. The case is not free from difficulty.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A discussion of the evidence here would serve no good purpose.

Taking the evidence from the printed record, even without the aid of the presumptions the law directs, we cannot say our conclusion would differ from that of the trial judge.

We are convinced that proponents have not so clearly met the burden of proof as to warrant us in reversing the trial judge under the rule of law which obtains in such cases.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.