25 So.2d 409

**MARTIN v. WAGNER et al.**

**6 Div. 342.**

Supreme Court of Alabama.

March 7, 1946.

Rehearing Denied April 11, 1946.

Jackson, Rives & Pettus and Erle Pettus, all of Birmingham, for appellant.

592

Lange, Simpson, Brantley & Robinson and Smyer & Smyer, all of Birmingham, for appellees.

STAKELY, Justice.

This cause originated in the Probate Court of Jefferson County through a petition to probate the alleged lost will of W. C. Martin, deceased. The petition was filed on January 15, 1945, by Dan S. Martin, Jr., an alleged beneficiary under the will, and showed that W. C. Martin died on towit July 18, 1940. According to the allegations of the petition the will was duly signed and published by deceased and attested by two competent witnesses, then residents of Jefferson County, who subscribed their names to the will, one of whom was Val J. Nesbit, decedent's attorney.

The allegations of the petition also show that the next of kin of decedent at the time of his death were the widow Zoe Rhode Martin, a brother John D. Martin and a brother Dan S. Martin, Sr., all over twenty-one years of age; that the will was lost or destroyed after the death of W. C. Martin and never revoked; that Zoe Rhode Martin is now deceased and that Esther Wagner has been appointed her executrix; that the will in substance left all of decedent's real estate to his said brothers, all of the income from his stocks, bonds and personal property to his wife for life and at her death to go in four equal parts to petitioner, Sylvia Forbes, a niece, Katherine Isabel Martin, a niece, and to a sister of petitioner, Zoe Rhode Martin. The petition was accompanied by an affidavit of Dan S. Martin, Sr., which stated among other things that the petitioner "is now in the Armed Service of his Country."

Esther R. Wagner, as executrix of the estate of Zoe R. Martin, deceased, and individually demurred to the petition on the ground, among other things, that the petition failed to give the name of the other alleged attesting witness, or a valid reason for the failure. The court sustained the demurrer and allowed twenty days to amend.

On February 23, 1945, Dan S. Martin, Jr., amended his petition and filed a motion to continue the hearing of the cause until three months after his service in the armed services had terminated. The court set the cause for hearing on March 30, 1945. The petition was amended by filing the following additional paragraph:

"9. On information and belief affiant states that the said will was prepared by Val J. Nesbit, decedent's attorney, and a copy of same was retained by said attorney among his papers; that the original was at one time with the personal papers of the decedent at his office at the Vulcan Rivet and Bolt Company; that the same was at one time removed to the box or vault of decedent at the bank; and that said will was in existence at the time of the death of the decedent. That the decedent before his death stated to your petitioner that the said will was in existence duly executed

and discussed the contents of the same with your petitioner."

In support of the motion for continuance, petitioner filed an affidavit made in Jefferson County, stating in substance that he ratified and confirmed all the acts of his attorney, that he was in the armed service of his country and unable to prosecute the cause, that he moved to continue the cause and that it be held in abeyance until three months after his service in the armed services terminated and that he invoked the protection of the Soldiers' and Sailors' Civil Relief Act of the United States, 50 U.S.C.A.Appendix § 501 et seq.

Esther R. Wagner, as executrix of the estate of Zoe R. Martin, and individually refiled her demurrer to the petition as amended. The attorney for petitioner thereupon filed the following:

"Now comes said petitioner Dan S. Martin, Jr., by his attorney Erle Pettus, and hereby, after having filed his affidavit, and motion on a continuance under 'The Soldier's and Sailor's Civil Relief Act of 1940, as amended in 1942 and 1944' of the United States, hereby represents to this Honorable Court that he is incapable of properly prosecuting this said cause or suit; on account of his military service at this time; and said petitioner hereby objects to any further action in said cause; and represents to said court that any further action or proceeding in said cause or proceeding will be highly prejudicial to petitioner's rights in the premises."

And the attorney for petitioner also filed the following:

"Now comes said petitioner by his attorney and after the court over his objection has permitted the refiling of respondent's demurrers to petitioner's amended Petition as amended on Jan. 17, 1945, and after the court over petitioner's objection has ruled upon same sustaining said demurrers; the court thereupon called upon petitioner's attorney in open court to state whether or not he desired to plead further, or whether or not Petitioner desired further time within which to amend or plead further and Petitioner's said attorney answered in reply that because of the absence of Petitioner in the armed services of his country, petitioner was and is unable to amend or proceed further in said cause at this time."

On March 30, 1945, the court entered a judgment sustaining the demurrer to the petition, as amended. The judgment also contained the following: "In open court the Petitioner, by his attorney, Erle Pettus, having declined to plead or proceed further in the case, it is therefore

"Ordered, adjudged and decreed by the court that said Petition, as amended, be and the same is hereby disallowed and on motion of Esther R. Wagner, as Executrix, in open court, said petition is dismissed."

Questions for decision are: (1) Whether the petition to probate the alleged lost will of W. C. Martin, deceased, was subject to the demurrer and (2) whether the court erred in refusing a stay of the proceedings on account of the military service of the petitioner.

■ It is quite true, as argued by appellant, that "although a will is required to be attested by two witnesses, a lost will may be established by the testimony of a single witness, who read it, or heard it read, and remembers its contents." Allen v. Scruggs et al., 190 Ala. 654, 667, 67 So. 301, 306; Skeggs v. Horton, 82 Ala. 352, 2 So. 110. But that rule has nothing to do with pleading requirements where a lost will is sought to be established. In the case of Jordan et al. v. Ringstaff, 212 Ala. 414, 102 So. 895, this court said:

"In a proceeding to probate an alleged lost will, the burden is on the proponent to establish, to the reasonable satisfaction of the judge or jury trying the facts:

"(1) The existence of a will—an instrument in writing, signed by the testator or some person in his presence, and by his direction, and attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator. Code 1923, § 10598 [Code 1940, Tit. 61, § 24].

"(2) The loss or destruction of the instrument—no issue of revocation arising.

"(3) The contents of the will in substance and effect. * * *"

■ The obvious purpose of the petition to probate a lost will is among other things to give the interested parties as full information as may be possible with reference to the alleged will. This necessarily includes as full information as may be possible with reference to its execution. Ordinarily speaking, who could better state the facts relating to the execution than those claimed to be its witnesses? We think it inescapable that those interested in

the probate of the lost will are entitled to be given the names of the alleged witnesses or a valid reason for the failure to give such information. The petition should have stated the name of the other witness or given a valid excuse for not so doing.

We do not consider that the allegation "that the decedent before his death stated to your petitioner that the said will was in existence duly executed and discussed the contents of the same with petitioner," makes the pleading good. It does not meet the defect which we have discussed, because the parties are entitled to know, if possible, the alleged witnesses, so they may interview the witnesses so as to reach their own conclusion as to the due execution of the will. Besides the allegation at its best merely presents evidentiary matter which from the standpoint of pleading will be regarded as surplusage. Buettner Bros. v. Good Hope Missionary Baptist Church et al., 245 Ala. 553, 18 So.2d 75.

The court acted correctly in sustaining the demurrer.

■ This brings us to a consideration of the action of the court in refusing a stay of the proceeding on account of the military service of the petitioner. For convenience we set out the applicable section of the Soldiers' and Sailors' Civil Relief Act of 1940:

"Stay of proceedings where military service affects conduct thereof. At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service. Oct. 17, 1940, c. 888, § 201, 54 Stat. 1181." Title 50 U.S.C.A.Appendix § 521.

The Supreme Court of the United States in construing the act has held that the granting or denial of a stay on the ground that a party is absent in the military service and that his absence will materially affect his prosecution or defense of the action, is within the discretion of the trial court. Boone v. Lightner, 319 U.S. 561, 63

S.Ct. 1223, 87 L.Ed. 1587. The Supreme Court of Alabama has so held. Oliver v. Oliver, 244 Ala. 234, 12 So.2d 852. Numerous cases are in accord with this holding. 147 A.L.R. p. 1381; 130 A.L.R. 784. Accordingly the ruling of the lower court in this regard will not be interfered with except in the event of abuse of discretion. Authorities supra.

■ The record shows that petitioner was at the time stationed within the United States and after the court had sustained the demurrer to his petition upon the ground of his failure to set forth the names of the alleged witnesses or valid excuse for failure to do so, petitioner made an affidavit in Jefferson County confirming the acts of his attorney and invoking the Soldiers' and Sailors' Civil Relief Act in connection with an amendment to the petition which he signed. The amendment to the petition also failed to give the name of the other witness to the alleged will or a valid excuse for such failure.

The petitioner was represented by able counsel and the cause never progressed beyond the stage of pleading prior to trial. The case was never set for hearing on its merits. The court did not pass upon the question as to whether or not trial upon the merits would be stayed. The court merely required, with the attorney in court, for the case to proceed to the point of having before the court a proper petition. But further pleading was declined.

Our attention has been directed to the record in this court in the matter of the estate of William C. Martin, deceased, petition of Dan S. Martin v. Zoe R. Martin to probate the lost will. See Catts v. Phillips, 217 Ala. 488, 117 So. 34.

Taking that record and the record in this case together, we have the following situation: William C. Martin died July 18, 1940, but the petition in the case at bar was not filed until January 15, 1945, after the death of the widow Zoe Rhode Martin, for whose estate Esther Wagner has been appointed executrix. Prior to the death of Zoe Rhode Martin, Dan S. Martin filed a petition to probate the lost will of William C. Martin, deceased, and took an appeal from the final judgment or decree of the Probate Court of Jefferson County, denying, disallowing and dismissing the petition. The appeal was dismissed by agreement April 12, 1943. The same attorney

represented both Dan S. Martin and Dan S. Martin, Jr., in their respective petitions.

We are not willing to say that the lower court abused its discretion in requiring petitioner to plead further or the cause be dismissed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.