121 So.2d 901

### Sadie S. LOVELL et al.

### v.

### Linda Sue LOVELL.

### 7 Div. 496.

Supreme Court of Alabama.

June 30, 1960.

Johnson & Randall, Onconta, for appellants.

Starnes & Holladay, Pell City, for appellee.

MERRILL, Justice.

Appellee, Linda Sue Lovell, filed her petition to probate the alleged last will of her deceased husband, Willard Paul Lovell. Appellants, the mother and brother of the testator, filed a contest, asked that the cause be transferred to the circuit court and demanded a trial by jury. Willard Paul Lovell left no lineal descendants and his only heirs were his wife, his mother and his brother.

The grounds of the contest were that the alleged will is not the last will and testament of the decedent, that it was not duly and legally executed by him, that it was revoked by him, that it was destroyed by him with intent to revoke it, and that it was the result of undue influence. This last ground is not an issue on this appeal.

The jury found the issues in favor of the appellee and for the will. Judgment was entered ordering the will admitted to probate and this appeal followed.

Willard Paul Lovell operated a drug store in Springville. He was not in good health and on October 14, 1958, he told his wife he was going to make a new will because all of the witnesses to his old one were dead. On October 16th, he called two friends of many years standing, Ira Walker and Fred Whitley, into his drug store, told them that he wanted them to witness his will, read it to them, asked each of them to read it, signed it in their presence and they witnessed his signature. They did not see or know what he did with the executed will.

One of the contestants, H. L. Lovell, testified that he was present in the drug store sometime later and his brother showed him the executed will and placed it in his safe in the rear of the store.

The testator died on December 4, 1958, and a search was instituted for his will. It was not in the safe, nor in a box of papers to which only he and his wife had the keys and which was kept in the bank at Springville, nor in their safety deposit box in a bank in Birmingham. So far as is shown, from the record, the will was never found.

About ten days after her husband's death, appellee found the following paper, in the chest of drawers in her late husband's bedroom, which showed on its face that it was a carbon copy:

"I, Willard Paul Lovell, being over the age of twenty-one and of sound mind make this my last Will and Testament:

"I direct that all of my just debts shall be paid out of my estate as soon as possible after my death.

"I bequeath to my wife, Lynda Sue Lovell, the remainer of my estate whether real or personal or both where ever located.

"I appoint Lynda Sue Lovell as executrix of this my last Will and Testament and direct that she shall not be required to give bond or file an inventory, appraisal or accounting of my estate in any court.

"In Witness Whereof, I, the undersigned Willard Paul Lovell have set my signature on the ——— day of 19      at Springville, Alabama.

"_____

"Witness:
"_____
"_____
"_____"

Appellee contended that this was a true copy of the will except that it should be dated October 16, 1958, signed by Willard Paul Lovell and witnessed by Ira Walker and Fred Whitley.

Appellants' assignments of error 1, 2, 3, 4 and 16 charge that the court erred in

overruling various objections to the introduction of this instrument.

It is undisputed that the testator had the capacity to make the will when he did, the witnesses to it testified to the substance of the will, and it was signed and witnessed as required by Tit. 61, § 24, Code 1940.

A lost will may be established by the testimony of a single witness who read it, or heard it read and remembered its contents, and proof of the substance of a lost instrument as a will is sufficient, and the exact words need not be shown. Martin v. Wagner, 247 Ala. 591, 25 So.2d 409; Allen v. Scruggs, 190 Ala. 654, 67 So. 301; Skeggs v. Horton, 82 Ala. 352, 2 So. 110; Jaques v. Horton, 76 Ala. 238.

Here, both witnesses to the will met every requirement of the above stated rule, and the trial court did not err in overruling objections to the admission of the carbon copy into evidence.

Assignment of error 5 charges that the court erred in its oral charge to the jury, when it said:

"Now, if the proponent meets that burden of proving to your reasonable satisfaction that such a will was duly executed in this case by the alleged testator, then it is up to the contestant to show a set of circumstances that will lead you to believe that the will has been revoked."

Appellants excepted to this portion of the oral charge and argue that this part of the instruction improperly placed a burden on appellants that should have been carried by appellee. With this, we must agree.

In Jaques v. Horton, 76 Ala. 238, the court, speaking through Clopton, J., said:

" * * * Sufficient search appears to have been made for the original will, to let in secondary evidence of its contents, after proof of its execution and existence; and whether the will was destroyed by the testator animo

revocandi, or by some one else without his consent or knowledge, or lost by accident, is a question not going to the admissibility of a verified copy, but a fact to be determined by the jury, if there be one, and if not, by the judge, on a consideration of all the circumstances proved. Where the will is shown to have been in the possession of the testator, and is not found at his death, the presumption arises that he destroyed it for the purpose of revocation; but the presumption may be rebutted, and the burden of rebutting it is on the proponent. The ascertainment of this fact will cast no light on the authentication of the copy, and is not preliminary to its introduction. The question, in such case, is, whether the will, of which the proposed paper is a copy, was revoked, or did the testator, at the time of his death, believe and intend it to be in existence as a valid will. * * *"

It is clear that the law places the burden on the proponent (here appellee) while the charge placed the burden on the contestants. The failure of the court to rectify this incorrect statement of the law when called to its attention constituted reversible error.

In Jordan v. Ringstaff, 212 Ala. 414, 102 So. 895, the following was stated and later approved in Martin v. Wagner, 247 Ala. 591, 25 So.2d 409:

"In a proceeding to probate an alleged lost will, the burden is on the proponent to establish, to the reasonable satisfaction of the judge or jury trying the facts:

"(1) The existence of a will—an instrument in writing, signed by the testator or some person in his presence, and by his direction, and attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator. Code 1923, § 10598.

"(2) The loss or destruction of the instrument—no issue of revocation arising.

"(3) The contents of the will in substance and effect. Allen v. Scruggs, 190 Ala. 658, 67 So. 301; Skeggs v. Horton, 82 Ala. 352, 2 So. 110; Potts v. Coleman, 86 Ala. 94, 5 So. 780; Jaques v. Horton, 76 Ala. 238; Shorter v. Sheppard, 33 Ala. 648; Apperson v. Cottrell, 3 Port. 51, 29 Am.Dec. 239; Price v. Price, 199 Ala. 433, 74 So. 381; McBeth v. McBeth, 11 Ala. 596; Brown v. Welch, 209 Ala. 518, 96 So. 610; Washam v. Beaty, 210 Ala. 635, 99 So. 163."

Here, of course, the issue of revocation did arise from the presumption, and the burden was improperly placed in the court's oral charge. It follows that the judgment must be reversed and the cause remanded.

Reversed and remanded.

LAWSON, STAKELY and COLEMAN, JJ., concur.