ADAMS, Justice.
This is an appeal from a summary judgment in a will contest involving an alleged “lost” will. The record reveals that the decedent, Mr. Shelly Tyson, was survived by his widow, Mrs. Virginia Helen Tyson; his father; two brothers; and five sisters. Shortly after Mr. Tyson’s death, the decedent’s brother, Louis Tyson, filed a document for probate, accompanied with his petition for probate wherein he stated that the original will had been lost. The alleged copy of the will offered by Louis Tyson named him executor of the decedent’s estate and left the majority of the property in the estate to the decedent’s siblings. The copy of the alleged will was not executed, dated, or witnessed and, in his petition, Louis Tyson admitted that the attesting witnesses to the original will were unknown.
The appellant contends that the circuit court erred in granting the motion for summary judgment in favor of the widow, Mrs. Tyson. He argues that the original will was “lost.” Therefore, he says, the photocopy submitted by him for probate should suffice and the necessary requisites for probating a will should not hinder the execution of the “lost” will. We disagree and affirm the judgment rendered below.
First, we note that in order to prove the existence of a lost will, the proponent must establish the following facts:
(1) The existence of a will — an instrument in writing, signed by the testator or some person in his presence, and by his direction, and attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator. Tit. 61, § 24, Code 1940 [now Ala. Code 1975, § 43-8-131]; Lovell v. Lovell, 270 Ala. 720, 121 So.2d 901; Jordan v. Ringstaff, 212 Ala. 414, 102 So. 895;
(2) The loss or destruction of the instrument. Brunson v. Brunson, 278 Ala. *957 131, 176 So.2d 490; Lovell v. Lovell, supra; Jordan v. Ringstaff, supra;
(3) The nonrevocation of the instrument by the testator. Lovell v. Lovell, supra; Jaques v. Florton, 76 Ala. 238;
(4) The contents of the will in substance and effect. Lovell v. Lovell, supra; Jordan v. Ringstaff, supra.
Barksdale v. Pendergrass, 294 Ala. 526, 319 So.2d 267, 269-70, (1975).
In the case at bar, proof of the execution of the “lost” will is at issue. At the hearing on the motion for summary judgment, Mr. Eugene Hankins testified that he was a Survivor’s Assistance Officer with the United States Army. His job included assisting the widows of retired or active duty soldiers in the management of their affairs. He further testified that he assisted Mrs. Tyson following the death of her husband and that while he was helping her get the decedent’s affairs in order, he saw a will. According to Mr. Hankins, the alleged will was signed by the testator and two witnesses, although he could not remember the names of these witnesses nor the date of execution of the document. When questioned further regarding the contents of the will, Mr. Hankins was unable to recall the specific devises.
The only other evidence offered by the proponent of the lost will was the testimony of Louis Tyson himself. Mr. Tyson testified that he had seen the alleged original will and that it had been dated and signed by two witnesses. He likewise could not recall the names of those witnesses nor the date of execution.
Following the hearing on the evidence in the case, the judge granted summary judgment to Mrs. Tyson, stating that “the proponent of the probate of the alleged lost will of Shelly Tyson will never be able to prove execution as required by law under the evidence offered [at the hearing] on summary judgment.” We agree. Nowhere in the record is there any evidence that would indicate that the alleged witnesses to the will signed in the presence of the testator. Furthermore, because the names of the witnesses are admittedly unknown, it would obviously be impossible to offer evidence regarding whether they signed in Shelly Tyson’s presence. The two people who testified in this regard were unable to say whether the signatures of the witnesses were valid. In fact, they could not even remember the names of the witnesses.
Of course, an essential to the availing, or the establishment, of a lost deed or will, is that the instrument in question should have been, and, in consequence, is shown to have been, executed as the law requires as to instruments of the character here under inquiry, that it was “signed by the testator or some person in his presence, and by his direction, and attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator.” Code, § 6172 [(1907)].
Allen v. Scruggs, 190 Ala. 654, 659, 67 So. 301 (1914). Because we find from the materials before the court on the summary judgment motion that the appellant would not be able to prove due execution of the will, we find that the summary judgment was properly granted. That judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.