After an ore tenus proceeding, the trial court entered a default judgment and found Lyndon Keith Riley, Jr. (father), to be the father of the minor child and ordered him to pay $185.00 per month child support. The father appeals.
On appeal, the father only cites Ex parte Anonymous,414 So.2d 72 (Ala. 1982), to support his contention that the trial court erred in establishing paternity. However, the issue inAnonymous was whether that case was a paternity case. Clearly, no such question is before us in the instant case. Therefore, since we find that the father has failed to cite any authority in *Page 1040 
support of his argument as required by Ala. Rules of Appellate Procedure, Rule 28, this court will not consider it. Steeley v. Dunivant, 522 So.2d 299 (Ala.Civ.App. 1988).
The father also argues that the trial court erred in not continuing the paternity proceedings since he attempted to invoke relief pursuant to the Soldiers' and Sailors' Civil Relief Act (act).
 " 'The Soldiers and Sailors Civil Relief Act of 1940 (in like manner with all similar previous acts in our history) was prompted by at least two considerations, first the maintenance in the armed forces of a reasonable measure of that unbothered serenity and security in respect of personal responsibilities which effectively promotes military efficiency and the national defense; and secondly, the assurance that in the field of individual justice no advantage in judicial proceedings by or against a soldier or sailor will result from his absorption in his country's defense.' "
Richardson v. First National Bank of Columbus, Georgia, 46 Ala. App. 366,370, 242 So.2d 676, 679 (Ala.Civ.App. 1970), quotingBowsman v. Peterson, 45 F. Supp. 741 (D.Neb. 1942).
Whether to grant a continuance or stay pursuant to the act is a matter which rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Martin v. Wagner, 247 Ala. 591, 25 So.2d 409
(1946).
Here, the father received personal service of the summons and complaint on October 1, 1988, at which time he was stationed at Redstone Arsenal. The father had private counsel throughout the proceedings. The trial court ordered a blood test to be performed on June 6, 1989. However, the father requested a continuance until after July 16, 1989. This request was granted, and the blood test was rescheduled for August 15, 1989. However, prior to having the blood test performed, the father, without informing the trial court, left for Germany for a two- to three-year tour of duty. On September 18, 1989, the trial court held a hearing, at which time both the mother and father were represented by counsel. Evidence was presented concerning the paternity of the child. It was at this time that the father requested a continuance pursuant to the act. As noted above, the trial court denied the request and established paternity.
In view of the facts in the instant case, we cannot say that the trial court abused its discretion in denying the father's request for a continuance. Clearly, the father was aware of the proceedings instituted against him, and any delay was due to his request for a continuance.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.